IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBRAY M.,**[1]<br><br>    Plaintiff,<br><br>    v.<br><br>**KILOLO KIJAKAZI**, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 6:22-cv-01277-IM<br><br>**OPINION AND ORDER** |

Kevin S. Kerr, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Natalie K. Wight, United States Attorney, and Kevin Danielson, Assistant United States Attorney, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, Oregon 97204; Sathya Oum, Special Assistant United States Attorney, Office of General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Debray M. seeks review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") pursuant to the Social Security Act. For the following reasons, this Court

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

AFFIRMS the Commissioner's decision.

PAGE 2 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039). "This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

If the evidence is "susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1225.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born in 1972. AR 101. She has past relevant work as a fast-food worker and housekeeper. AR 48–49. Plaintiff filed an application for SSI on September 4, 2019, alleging disability since September 4, 2015. AR 101. Plaintiff later amended her alleged onset date to

PAGE 3 – OPINION AND ORDER

September 4, 2019, the date of her application. AR 85. She was 46 years old on the amended alleged onset date. *See* AR 101.

Plaintiff's application was denied initially and upon reconsideration. AR 110, 126. Plaintiff requested a hearing. AR 146. Plaintiff appeared with counsel at an administrative hearing on July 15, 2021, before Administrative Law Judge ("ALJ") B. Hobbs. AR 31–54.

On August 30, 2021, the ALJ issued a decision finding that Plaintiff had not been "under a disability within the meaning of the Social Security Act" since September 4, 2019, the date the application was filed. AR 15–25. On November 3, 2021, Plaintiff requested review of the ALJ's decision by the Appeals Council. AR 273. On June 23, 2022 the Appeals Council denied the request for review, thereby making the ALJ's decision the Commissioner's final administrative decision in this case. AR 1–4. Plaintiff now seeks review of the Commissioner's decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R.

PAGE 4 – OPINION AND ORDER

      §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

PAGE 5 – OPINION AND ORDER

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 146, n.5. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1098, 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.* at 1100; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 4, 2019, the alleged onset date. AR 18. The ALJ found at step two that Plaintiff "has the following severe impairments: polycythemia vera with chronic kidney disease, high blood pressure, Jak2 positive myeloproliferative disorder, exercise-induced asthma, bipolar disorder, depression and anxiety." AR 18. The ALJ concluded at step three that none of Plaintiff's impairments meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19. The ALJ further found that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant can: stand, walk and sit for 4 hours, occasionally climb ladders, ropes, or scaffolds, ramps, or stairs, frequently balance, occasionally kneel, or crawl. The claimant can tolerate no extreme heat or cold, wetness, humidity, fumes, odors, dust, gases or poor ventilation, or

>> hazards such as operating heavy industrial machinery and objective heights. The claimant can have occasional interactive contact with the public.

AR 20. The ALJ found at step four that Plaintiff could not perform any past relevant work. AR 24. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, and RFC, as well as the testimony from a Vocational Expert ("VE"). AR 24. The ALJ concluded that jobs exist in significant numbers in the national economy that Plaintiff can perform. AR 24–25. The ALJ identified the following potential jobs: (1) production assembler, DOT 706.687-010; (2) small products assembler, DOT 706.687-022; and (3) sub assembler, DOT 729.684-054. AR 25. For these reasons, the ALJ concluded that Plaintiff had not been disabled since September 4, 2019. AR 25.

## DISCUSSION

In her brief, Plaintiff argues that the ALJ erred by (1) failing to include limitations in concentrating, persisting, and maintaining pace in Plaintiff's RFC and (2) improperly rejecting the medical opinion of her oncologist, Dr. Herschel Wallen. For the following reasons, this Court disagrees.

**A. The ALJ's Failure to Include Certain Limitations in the RFC was Harmless Error.**

Plaintiff first argues that the ALJ erred by failing to include any limitations in concentrating, persisting, and maintaining pace in Plaintiff's RFC. Pl.'s Br. 6, ECF No. 12.

### 1. Legal standards

At step five, the burden shifts to the Commissioner to establish that the claimant can engage in work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *Lockwood v. Comm'r. of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). "The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question [(1)] based on medical assumptions supported by substantial evidence in the record and [(2)] reflecting all the

PAGE 7 – OPINION AND ORDER

claimant's limitations, both physical and mental, supported by the record." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (citations omitted); *see also Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x. 211, 212 (9th Cir. 2009) ("A hypothetical question posed to a vocational expert must 'include all of the claimant's functional limitations, both physical and mental.'" (quoting *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995))). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Hill*, 698 F.3d at 1162 (quoting *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

    2. **Analysis**

At step three, the ALJ found that Plaintiff has moderate limitations in her ability to concentrate, persist and maintain pace. AR 20. The ALJ noted Plaintiff's contentions that she struggles to focus follow instructions, and complete tasks. AR 20. At the same time, the ALJ noted that Plaintiff handles her own medical care and that the record does not note any distractibility. AR 20. Further, Plaintiff reports that she can pay attention for 30-45 minutes at a time and that she follows written instructions well. AR 349. The third-party function report from Plaintiff's best friend also notes that Plaintiff follows instructions very well and does not have many troubles with concentration. AR 357. Although the ALJ failed to explicitly incorporate any limitations regarding concentration, persistence, or pace in the RFC, any error here is harmless.

The ALJ's hypothetical to the vocational expert included a limitation to "understand[ing], remember[ing], and carry[ing] out short, but simple instructions consistent with unskilled work that's learned in 30 days or less." AR 49. Further, all three of the jobs identified by the vocational expert and the ALJ have a reasoning level of 2, compatible with RFC limitations for simple, routine tasks. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). Because all of Plaintiff's

PAGE 8 – OPINION AND ORDER

limitations were included in the hypothetical to the vocational expert, the ALJ met their step-five burden and any error in transcribing the RFC was harmless. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) ("An error is harmless if it is 'inconsequential to the ultimate nondisability determination.'").

**B. Substantial Evidence Supports the ALJ's Evaluation of the Medical Opinion Evidence**

Plaintiff then argues that the ALJ erred by finding unpersuasive the opinion of oncologist Herschel Wallen, M.D. Pl.'s Br. 9.

### 1. Legal standards

For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). Under these new regulations, ALJs no longer "weigh" medical opinions, but rather determine which are most "persuasive." 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). To that end, there is no longer any inherent extra weight given to the opinions of treating physicians. Instead, the ALJ considers the "supportability" and "consistency" of the opinions, followed by additional sub-factors, in determining how persuasive the opinions are. *Id.* §§ 404.1520c(c), 416.920c(c). The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* §§ 404.1520c(b), 416.920c(b). The ALJs are not required to explain how they considered other secondary medical factors, unless they find that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* §§ 404.1520c(b)(3); 416.920c(b)(3).

Supportability means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical

PAGE 9 – OPINION AND ORDER

opinion[] . . . the more persuasive the medical opinion[] . . . will be." 20 C.F.R. §§404.1520c(c)(1); 416.920c(c)(1). Likewise, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the opinion[] . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

### 2. Analysis

Dr. Wallen saw Plaintiff for one visit in April 2020 and acknowledged in his March 2021 opinion that he could not assess her limitations fully, as her last visit was nearly a year ago. AR 1711–12. Nevertheless, Dr. Wallen opined that Plaintiff could stand or walk for less than two hours in an eight-hour workday, could sit for four hours, and would need to spend the rest of her time lying down. AR 1712. Dr. Wallen further opined that Plaintiff would be off task 20% of the time and would likely miss two or more workdays a month due to her impairments. AR 1713–14. To support his opinion, Dr. Wallen cited only to Plaintiff's diagnosis of myeloproliferative disorder and her symptoms of fatigue and generalized weakness. AR 1711–14.

The ALJ found this opinion unpersuasive. AR 23. The ALJ acknowledged that the opinion was supported by the consultive examination but found it to be inconsistent with the longitudinal treatment record and Plaintiff's activities of daily living. AR 23. Substantial evidence supports this finding. As the ALJ noted, treatment records showed stable lab results and no abdominal tenderness following treatment. *See, e.g.*, AR 1518, 1527, 1538, 1546, 1610, 1614, 1628. While Dr. Wallen opined that Plaintiff had a moderate limitation in her ability to adapt and manage herself, Plaintiff reportedly cares for herself, her disabled daughter, and her pets. AR 345. Plaintiff tires easily, but is still able to cook, clean, and do laundry. AR 346–47. She leaves the house daily to go shopping for food and household necessities. AR 347. Plaintiff also manages her own medical care, with no assistance. AR 348. Substantial evidence supports the ALJ's determination that Dr. Wallen's opinion was unpersuasive based on its inconsistency with the record as a whole.

PAGE 10 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 5th day of September, 2023.

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge